FILED

2014 MAY 30 PM 12: 04

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff

v.	Case No. 2:14-cv-154-FtM-29CM

JOHN DOE,

    Defendant.

_____

## MOTION TO QUASH OR MODIFY SUBPOENA

Due to the nature of early proceedings of this lawsuit and the request of the subpoena for identifying information, Defendant respectfully requests that the Court allow for the anonymous filing of this pro se Motion. The Defendant fears for his or her privacy for reasons which will be explained in the Arguments section of this Motion.

COME NOW the Defendant, pro se, records and respectfully submit this Motion to Quash the Subpoena issued by the Plaintiffs on April 15th, 2014 pursuant to Fed. R. Civ. P. 45(d)(3).

## TECHNICAL BACKGROUND

**A. Internet Protocol Addresses**

1.    Definition

Any customer of an ISP, such as the Defendant, who connects their computer to the internet via the ISP is assigned an Internet Protocol (IP) address. In addition to the customer's IP address, the ISP's network is also assigned its own IP address. A customer's IP address can

either be "static" or "dynamic". A "static" IP address, as its name would indicate, remains the same over time whether or not the computer and router are turned on or not. If the computer and/or router are turned off, when they are turned back on the ISP will reassign the same address to all computers on its network which have been designated as "static" IPs. By contrast, a "dynamic" IP address is reassigned by the ISP to the customer periodically within certain parameters set by the ISP's network.

2. Purpose

The purpose of an IP address is to route traffic efficiently through the network. "An Internet Protocol address (IP address) is a numerical label assigned to each device (e.g., computer, printer) participating in a computer network that uses the internet protocol for communication. An IP address serves two principal functions: host or network interface identification and location addressing." This public IP address tracking ends at the modem which connects to the network. Beyond that device, such as a home or business network, a router is used to allow many devices to access the internet through a single IP address assigned to the modem, including those incapable of downloading or uploading BitTorrent content such as prints, scanners, and video gaming devices. Many individual users may also use the public IP address of the modem without the subscriber having knowledge of what is being sent and received.

## ARGUMENT

**A.     Information Requested by This Subpoena Cannot Be Provided by the Third Party Named.**

The information that would be obtained by the fulfillment of this subpoena would only provide the name, address, and telephone number of the subscriber who is billed for the internet

service. It is incapable of providing the identity of a Defendant who allegedly committed copyright infringement. The Subpoena provided specifically commands that Comcast Cable Holdings, LLC, to "Please produce documents identifying the name, address, and telephone number of defendant John Doe listed in the below chart: IP Address 76.101.216.115."

The IP Address listed on the Subpoena cannot be traced to a single person as it represents a gateway through which many users connect to send and receive data. It does not represent an individual person and cannot be used as the basis of identifying a Defendant for the purposes of the Plaintiffs Lawsuit. This was found as the cause and reason for Judge Ursula Ungaro, Southern District of Florida, to order three cases dismissed, 14-cv-20213, 14-cv-60681, and 14-cv-60682, due to "Plaintiff has not shown how this geolocation software can establish the identity of the Defendant. There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." See Attachment 1 for a copy of the Order signed by Judge Ungaro to dismiss case 14-cv-20213 where Malibu Media, LLC is also the Plaintiff.

**B.      Providing Information Connects the Subscriber to the Proceedings Based on Bad Investigation Techniques.**

The computer science literature and federal courts across the country have cited problems with the reliability of BitTorrent copyright plaintiffs' methods of so-called identification of infringers. See *"Challenges and Directions for Monitoring P2P File Sharing Networks – or – Why My Printer Received a DMCA Takedown Notice"* by Tadayoshi Kohno and Arvind Krishnamurthy, University of Washington's Department of ComputerScience and Engineering who found that practically any Internet user can be framed for copyright infringement: "By

profiling copyright enforcement in the popular BitTorrent file sharing system, we were able to generate hundreds of real DMCA takedown notices for computers at the University of Washington that never downloaded nor shared any content whatsoever." "Further, we were able to remotely generate complaints for nonsense devices including several printers and a (non-NAT) wireless access point." "Our results demonstrate several simple techniques that a malicious user could use to frame arbitrary network endpoints." These results were affirmed in a study by the same authors, *The Unbearable Lightness of Monitoring: Direct Monitoring in BitTorrent.*

In 13C3694 Malibu Media, LLC vs. John Doe, United States District Court, Northern District of Illinois, the Honorable Judge Ronald A. Guzman found that, "As many courts and commentators have noted, a showing of good cause is particularly important when, as in this case, plaintiff sues an internet user for illegally downloading copyrighted pornography for several reasons. First, the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer... Second, the embarrassment of being publicly accused of downloading pornography, illegally no less, is a strong incentive for even those wrongly accused to settle such a suit... Third, the rise of so-called 'copyright trolls' – plaintiffs who file multitudes of copyright suits solely to extort quick settlements – requires courts to ensure that the litigation process and their scarce resources are not being abused."

---

"IP Address: IP Address Assignment: Methods"
http://en.wikipedia.org/wiki/IP_address accessed May 1, 2014.

### C. Providing the Information Allows Plaintiff to Pursue Abusive Litigation and Collection Based on Plaintiffs History with the Federal Court System

Defendant argues that expedited, ex parte action in similar cases allows for abuses of the Justice System to act as an intimidation tool against the many John Does listed as defendants. The Honorable Magistrate Judge Gary R. Brown of the East District of New York said *In re Bittorrent Adult Film Copyright Infringement Cases* in reference to the Plaintiff that "after addressing concerns about potentially abusive litigation tactics by plaintiffs in these actions, this Court is again confronted with indicia of improper conduct by plaintiffs' counsel, to wit: plaintiffs' counsel apparently ignored, or tried to circumvent, the very safeguards the undersigned put in place to help prevent unfair litigation tactics while permitting plaintiffs to pursue their claims." Judge Brown continues that "This Court's Order cataloged abuses tactics by plaintiffs in related actions against John Doe defendants, and expressed, in no uncertain terms, this Court's concerns about the conduct of this litigation going forward, particularly in light of the serious questions about plaintiffs ability to properly identify defendants based solely upon their IP addresses."

---

"The Unbearable Lightness of Monitoring: Direct Monitoring in BitTorrent"
www.cs.bham.ac.uk/~tpc/Papers/P2PMonitor.pdf, accessed on May 1, 2014.

http://docs.justia.com/cases/federal/district-courts/illinois/ilndce/
1:2013cv03694/283613/9/0.pdf?1370428295 accessed May 1, 2014

"In re Bittorrent Adult Film Copyright Infringement Cases"
http://beckermanlegal.com/Lawyer_Copyright_Internet_Law/inrebittorrent_120731Order.pdf,
accessed May 1, 2014

## CONCLUSIONS

For the reasons set forth above, the Court should QUASH the Subpoena issued for the Defendant's records addressed to Comcast Cable Holdings, LLC.

*John Doe*
_____
JOHN DOE, pro se

## CERTIFICATE OF SERVICE

On May 30, 2014, I sent a true and complete copy of the foregoing MOTION TO QUASH OR MODIFY SUBOENA to the following parties and/or the attorneys of record by United States Mail or facsimile as listed:

M. Keith Lipscomb, Esq.
Lipscomb, Eisenberg, & Baker, PL
2 South Biscayne Blvd
Penthouse 3800
Miami, FL 33131
By USPS

Comcast Legal Response Center
NE&TO
650 Centerton Road
Moorestown, NJ 08057
By Fax: 866-947-5587

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*John Doe*

JOHN DOE, pro se