UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.                                                           Case No:  2:14-cv-154-FtM-29CM

JOHN DOE,

        Defendant.

_____

## ORDER

    Before the Court is Defendant's Motion to Quash or Modify Subpoena (Doc. 10), filed on May 30, 2014, and Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash or Modify Subpoena (Doc. 11), filed on June 13, 2014.   At the outset, the Court notes that Defendant's Motion contains a request that the Court permit the filing of the *pro se* Motion anonymously.   Doc. 10 at 1.   The Court will accept the Motion as filed.

### I.  Background

    This is a copyright infringement action in which Plaintiff Malibu Media, LLC ("Malibu") alleges the John Doe Defendant is liable for direct infringement of Plaintiff's copyrighted works.   Doc. 1.   Specifically, Plaintiff contends that Defendant violated Plaintiff's exclusive rights to reproduce, redistribute, perform and display works for which Plaintiff owns exclusive copyrights.   *Id.* at 5-6.   After filing the Complaint, Plaintiff moved for leave to serve a Rule 45 subpoena on the third party internet service provider ("ISP") (Doc. 3), seeking the true name, address,

telephone number, and e-mail address of the person to whom the ISP assigned the address allegedly responsible for the infringement.   Doc. 3 at 4.   On April 15, 2014, the Court granted Plaintiff's motion and permitted a Rule 45 subpoena to be served on the ISP.   Doc. 5.

Defendant now moves to quash the subpoena on grounds that the information sought from the third party subpoena—the name, address and telephone number of the person to whom the IP address is assigned—is not capable of identifying the person who allegedly committed the infringement.   Doc. 10 at 2-3.   Defendant further argues that the IP address "cannot be traced to a single person as it represents a gateway through which many users connect and receive data" and "cannot be used as the basis of identifying a Defendant for the purposes of the Plaintiffs [sic] lawsuit."   *Id.* at 3.

II.   *Discussion*

a.   *Issuance of the Third Party Subpoena*

Generally, the Court must find good cause to permit service of third party subpoenas seeking to obtain information that will identify a then-unknown defendant.   *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 13-21579-CIV, 2013 WL 2950593, *1 (S.D. Fla. June 14, 2013) (finding that "Plaintiff has established that good cause exists for it to serve a third-party subpoena on Comcast Cable, the ISP identified in the complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case").   Once a subpoena has been issued, a party may move, pursuant to Rule 45, Federal

Rules of Civil Procedure, to quash the subpoena and may move for a protective order pursuant to Rule 26.

Courts in internet infringement cases "routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." *UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104241, *4 (N.D. Cal. Sept. 3, 2008). Thus, "[b]y requiring plaintiffs to make out a prima facie case of infringement, the standard requires plaintiffs to adduce evidence showing that their complaint and subpoena are more than a mere fishing expedition." *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 175 (D. Mass. 2008).

In a similar case brought by Malibu, this Court found that the *UMG Recording* factors were satisfied because Malibu asserted that it held the copyrights and produced evidence the copyrights were being infringed; demonstrated that it lacked any other means to obtain the subpoenaed information; stated that it was possible certain information needed to correlate the subscriber information to a particular address would only be retained by the ISP for a limited time; sufficiently described the John Does by listing their ISP addresses during the relevant time periods; and established that Plaintiff's interest in protecting its copyrights outweighed the defendants' expectation of privacy in their subscriber information. *See Malibu Media, LLC v. John Does 1-13*, No. 2:12-cv-00177-FtM-29SPC, 2012 WL 3062138, *4

(M.D. Fla. June 6, 2012) (applying the above factors and recommending the motion to quash be denied), *remanded on other grounds by* 2012 WL 3095067 (M.D. Fla. July 26, 2012).

Plaintiff's Complaint (Doc. 1) asserts that Plaintiff is the registered owner of the copyrights-in-suit, and by its Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3) and accompanying memorandum of law, Plaintiff has established that no other means exist to obtain the information; that the ISP maintains its subscriber identification logs for only short periods of time; that the information is necessary to prosecute its claim for copyright infringement; and that its interest in obtaining the identifying information outweighs Defendant's interests in remaining anonymous.   Rule 26(d) provides that courts may authorize discovery in advance of a Rule 26(f) conference for the convenience of witnesses or the parties, and in the interests of justice, and in this case the Court found the requisite good cause to permit Plaintiff to serve the third party subpoena. Doc. 5; Fed. R. Civ. P. 26(d).

b.  *Quashing a Subpoena*

Plaintiff is entitled to seek discovery of any relevant, non-privileged matter. Fed. R. Civ. P. 26(b)(1).   Information is "relevant" for Rule 26 purposes when it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, the identifying information of the person to whom the ISP assigned the IP address responsible for the alleged infringement is both relevant and discoverable.

*See Malibu Media v. John Does 1-9*, No. 8:12-cv-669-SDM-AEP (M.D. Fla. July 6, 2012) (Doc. 25 at 4).

Rule 45, Federal Rules of Civil Procedure, provides the grounds on which a court may quash a subpoena.   That Rule states, in relevant part:

> (A) *When required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> > (i)  fails to allow a reasonable time to comply;
> >
> > (ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);
> >
> > (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> >
> > (iv)  subjects a person to undue burden.
>
> (B) *When permitted.*   To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> > (i)  disclosing a trade secret or other confidential research, development, or commercial information
> >
> > (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)-(B).   Defendant does not argue, and has not shown, that any of the grounds set forth in Rule 45 upon which a court may quash a subpoena are present.

*III.    Conclusion*

The Court previously found good cause to grant the issuance of a third party subpoena, which will allow the ISP to provide Plaintiff with information that is both relevant and discoverable.   Defendant's bare assertions that the information may not lead to the alleged infringer are not sufficient bases upon which the Court may quash the subpoena.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Quash or Modify Subpoena (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record